FILED

2011 Jan-27  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CALLIE HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: 5:11-cv-0011-AKK |
| | ) | |
| CITY OF HUNTSVILLE, | ) | |
| ALABAMA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT BY DEFENDANT
## CITY OF HUNTSVILLE, ALABAMA

For answer to the complaint of plaintiff Callie Hawkins, defendant City of Huntsville, Alabama ("COH"), states:

### Parties

1.    Upon information and belief only, the COH admits the allegations contained in paragraph one of the complaint.

2.    The COH admits the allegations contained in paragraph two of the complaint.

3-4.    In response to the allegations contained in paragraphs three and four of the complaint, the COH specifically admits that, at all times relevant to this case, Officer Amanda Carmean and Officer Brian Hopkins were employed by the COH as police officers for the Huntsville Police Department ("HPD") and were

residents and citizens of the state of Alabama.   The remaining allegations contained in paragraphs three and four do not require responsive pleading because they merely identify the capacity in which plaintiff has sued Officer Carmean and Officer Hopkins in this case.

**Facts**

5.      In response to the allegations contained in paragraph five of the complaint, the COH specifically admits that Officer Carmean effected a traffic stop of plaintiff on January 2, 2009.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph five.

6.      In response to the allegations contained in paragraph six of the complaint, the COH specifically admits that plaintiff did not immediately pull over after Officer Carmean initiated the traffic stop.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph six.

7.      In response to the allegations contained in paragraph seven of the complaint, the COH specifically admits that plaintiff refused Officer Carmean's request for her driver license, vehicle registration, and proof of vehicle insurance. Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph seven.

8.      In response to the allegations contained in paragraph eight of the complaint, the COH specifically admits that Officer Carmean requested plaintiff's

driver license, vehicle registration, and proof of vehicle insurance. Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph eight.

9. The COH denies each and every allegation contained in paragraph nine of the complaint.

10. In response to the allegations contained in paragraph ten of the complaint, the COH specifically admits that Officer Carmean opened the door to plaintiff's vehicle and requested that she exit. Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph ten.

11-13. The COH is without sufficient information to admit or deny the allegations contained in paragraphs eleven through thirteen, inclusive, of the complaint. Accordingly, it must deny such allegations.

14. In response to the allegations contained in paragraph fourteen of the complaint, the COH specifically admits that Officer Carmean, after warning plaintiff at least once, sprayed her with oleoresin capsicum spray ("OC spray"). The COH specifically admits that plaintiff was sprayed with OC spray after she repeatedly refused to comply with Officer Carmean's verbal commands and had struck Officer Carmean in the chest. Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph fourteen.

15.    In response to the allegations contained in paragraph fifteen of the complaint, the COH specifically admits that plaintiff accused Officer Carmean of initiating the traffic stop because of plaintiff's race.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph fifteen.

16.    The COH denies each and every allegation contained in paragraph sixteen of the complaint.

17.    In response to the allegations contained in paragraph seventeen of the complaint, the COH specifically admits that plaintiff began screaming and repeatedly blowing the horn on her vehicle after she was sprayed with OC spray. Except as expressly admitted, the COH denies each and every allegation contained in paragraph seventeen.

18.    The COH is without sufficient information to admit or deny the allegations contained in paragraph eighteen of the complaint.  Accordingly, it must deny such allegations.

19.    In response to the allegations contained in paragraph nineteen of the complaint, the COH specifically admits that Officer Hopkins put plaintiff's vehicle in park and removed the keys from the ignition after the vehicle began to roll backwards. Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph nineteen.

20.     In response to the allegations contained in paragraph twenty of the complaint, the COH specifically admits that Officer Hopkins unbuckled plaintiff's seatbelt from the passenger side of the vehicle and then moved to the driver side of the vehicle.  The COH specifically admits that Officer Hopkins attempted a wrist lock on plaintiff, but she refused to exit her vehicle.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph twenty.

21-22.     In response to the allegations contained in paragraphs twenty-one and twenty-two of the complaint, the COH specifically admits that plaintiff was taken to the ground in an attempt to restrain and gain control over her.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraphs twenty-one and twenty-two.

23.     In response to the allegations contained in paragraph twenty-three of the complaint, the COH specifically admits that Officer Hopkins placed his knee on plaintiff's back while attempting to handcuff her as she continued to struggle. Except as expressly admitted, the COH denies each and every allegation contained in paragraph twenty-three.

24.     The COH admits the allegations contained in paragraph twenty-four of the complaint.

25.     In response to the allegations contained in paragraph twenty-five of the complaint, the COH specifically admits that Officer Hopkins was present at all times relevant to this case.  Except as expressly admitted, the COH denies each and every allegation contained in paragraph twenty-five.

26.     The COH denies each and every allegation contained in paragraph twenty-six of the complaint.

27.     In response to the allegations contained in paragraph twenty-seven of the complaint, the COH specifically admits that Officer Carmean's patrol vehicle was equipped with an in-car camera that recorded a portion of the events relevant to this case.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph twenty-seven.

28.     In response to the allegations contained in paragraph twenty-eight of the complaint, the COH specifically admits that plaintiff made a complaint, which was investigated by HPD Internal Affairs.  The COH specifically admits that HPD Internal Affairs concluded that plaintiff's allegations were unfounded.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph twenty-eight.

29.     The COH is without sufficient information to admit or deny the allegations contained in paragraph twenty-nine of the complaint.  Accordingly, it must deny such allegations.

### Count I – 42 U.S.C. § 1983 – Illegal Seizure

30-34.     The COH denies each and every allegation contained in paragraphs thirty through thirty-four, inclusive, of the complaint, including the lettered paragraphs following paragraph thirty-two.

### Count II – 42 U.S.C. § 1983 – Excessive Force

35-39.     The COH denies each and every allegation contained in paragraphs thirty-five through thirty-nine, inclusive, of the complaint, including the lettered paragraphs following paragraph thirty-seven.

### Count III – State Law – False Arrest/False Imprisonment

40-43.     The COH denies each and every allegation contained in paragraphs forty through forty-three, inclusive, of the complaint.

### Count IV – State Law – Assault and Battery/Excessive Force

44-47.     The COH denies each and every allegation contained in paragraphs forty-four through forty-seven, inclusive, of the complaint.

### Other Matters

48.     In response to the allegations contained in paragraph forty-eight of the complaint, the COH specifically admits that an *ante-litem* notice of claim was presented by or on behalf of plaintiff to its Clerk-Treasurer on or about June 22, 2009.  Except as expressly admitted, the COH denies each and every remaining allegation contained in paragraph forty-eight.

## Relief Sought

49.     In response to paragraph forty-nine of the complaint, the COH denies

that plaintiff is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Some or all of plaintiff's claims may fail to state a claim against the COH

upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is not entitled to any judgment against the COH, and plaintiff is not

entitled to recover any damages, interest, costs, attorneys' fees, or any other relief

whatsoever from the COH.

### Third Affirmative Defense

To the extent that plaintiff has suffered any legally cognizable damage or

injury, such damage or injury was caused by, and is the responsibility of,

individuals and/or entities other than the COH.

### Fourth Affirmative Defense

All actions or omissions of the COH's police officers with respect to the

matters at issue in this case were reasonable, necessary, and justified under the

circumstances.  Therefore, the COH has no liability to plaintiff.

### Fifth Affirmative Defense

The COH is immune from any liability to plaintiff.

### Sixth Affirmative Defense

Some or all of plaintiff's claims are barred, in whole or in part, because plaintiff has failed to mitigate her damages or injuries, if any.

### Seventh Affirmative Defense

Some or all of plaintiff's claims are barred because the COH's police officers, including Officer Carmean and Officer Hopkins, acted in good faith and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations.

### Eighth Affirmative Defense

Some or all of plaintiff's claims may be barred by the doctrines of consent, justification, self-defense, estoppel, and/or privilege.

### Ninth Affirmative Defense

Any negligence claim against the COH is barred because plaintiff's injuries and damages, if any, were caused by efficient intervening and/or superseding causes.

### Tenth Affirmative Defense

Any negligence claim against the COH is barred because plaintiff contributed to her own injury and damage.

### Eleventh Affirmative Defense

Any negligence claim against the COH is barred because plaintiff assumed the risk of being injured and damaged.

### Twelfth Affirmative Defense

Any negligence claim against the COH is barred because none of its police officers breached any duty that may have been owed to plaintiff.

### Thirteenth Affirmative Defense

Plaintiff proximately caused her own alleged injuries and damages.

### Fourteenth Affirmative Defense

Section 11-47-190 of the Alabama Code limits the liability of an Alabama municipality to claims based upon 1) the "neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefore and while acting in the line and scope of his or her duty"; or 2) the "neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body."  To the extent that plaintiff's state-law claims against the COH are based on actions or omissions not encompassed within these classifications and/or standards, they are barred.

### Fifteenth Affirmative Defense

Section 11-47-190 of the Alabama Code bars any and all state-law claims against the COH based on intentional, reckless, wanton, malicious, or bad faith conduct.

### Sixteenth Affirmative Defense

Plaintiff's state-law claims for false arrest and/or false imprisonment are barred because there was reasonable suspicion to detain plaintiff and probable cause to arrest plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's state-law claims for assault and battery and/or excessive force are barred because all uses of force against plaintiff by the COH's police officers, including Officer Carmean and Officer Hopkins, were reasonable, necessary, and justified under the circumstances confronting them at the time.

### Eighteenth Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged unlawful detention or arrest, are barred because there was both reasonable suspicion to detain plaintiff and probable cause to arrest plaintiff.

### Nineteenth Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged unlawful detention, arrest, or use of excessive force in violation of the

Fourteenth Amendment to the United States Constitution, are barred because, given the nature of such allegations in the context of this case, any section 1983 claim must be predicated, if at all, upon the Fourth Amendment.

## Twentieth Affirmative Defense

For purposes of determining the legality of plaintiff's arrest, either in connection with plaintiff's claims under 42 U.S.C. § 1983 or Alabama law, it is inconsequential that plaintiff was not actually charged with every criminal offense for which probable cause to arrest existed.  In addition, it is inconsequential that such uncharged criminal offenses (for which probable cause to arrest existed) are not closely related to the criminal offenses with which plaintiff was actually charged.

## Twenty-first Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged use of excessive force, are barred because the COH's police officers, including Officer Carmean and Officer Hopkins, used only that degree of force which was reasonable, necessary, and justified under the circumstances confronting them at the time.

## Twenty-second Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged use of excessive force, are barred because the COH's police officers,

including Officer Carmean and Officer Hopkins, only used *de minimis* force against plaintiff.

### Twenty-third Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983 against the COH are barred because the injuries or damages allegedly suffered by plaintiff were not the result of any illegal or unconstitutional municipal "policy" or "custom."

### Twenty-fourth Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983 against the COH are barred because the injuries or damages allegedly suffered by plaintiff are not the result of any action or omission by a final "policymaker" for the COH.

### Twenty-fifth Affirmative Defense

Some or all of plaintiff's state-law claims against the COH are barred by the doctrine of state-agent immunity, also sometimes referred to as discretionary function immunity.

### Twenty-sixth Affirmative Defense

Some or all of plaintiff's state-law claims against the COH are barred by the statutory immunity established by section 6-5-338 of the <u>Alabama Code</u>.

### Twenty-seventh Affirmative Defense

Some or all of plaintiff's state-law claims against the COH are barred by the common-law discretionary function immunity embodied by section 895D of the

RESTATEMENT (SECOND) OF TORTS.

## Twenty-eighth Affirmative Defense

Some or all of plaintiff's state-law claims against the COH are barred by the combined effect of the state-agent immunity (or the statutory immunity established by section 6-5-338 of the <u>Alabama Code</u>) and the limitations on municipal tort liability set forth in section 11-47-190 of the <u>Alabama Code</u>.

## Twenty-ninth Affirmative Defense

Some or all of plaintiff's state-law claims against the COH are barred by the combined effect of the common-law state-agent immunity embodied by section 895D of the RESTATEMENT (SECOND) OF TORTS and the limitations on municipal tort liability set forth in section 11-47-190 of the <u>Alabama Code</u>.

## Thirtieth Affirmative Defense

Plaintiff may not recover punitive damages against the COH under Alabama law, either directly or by way of indemnity, pursuant to sections 6-11-26 and 11-47-24 of the <u>Alabama Code</u>.

## Thirty-first Affirmative Defense

Plaintiff is not entitled to recover punitive damages under the standards set forth in section 6-11-20 of the <u>Alabama Code</u>.

**Thirty-second Affirmative Defense**

The COH asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

**Thirty-third Affirmative Defense**

The COH denies engaging in any conduct which entitles plaintiff to recover punitive damages.

**Thirty-fourth Affirmative Defense**

Plaintiff's arrest was authorized by section 15-10-3 of the <u>Alabama Code</u> and/or rule 4.1 of the <u>Alabama Rules of Criminal Procedure</u>.

**Thirty-fifth Affirmative Defense**

All uses of force by the COH's police officers, including Officer Carmean and Officer Hopkins, with regard to the matters at issue in this case were reasonable, necessary, and justified under the circumstances confronting them at the time.

**Thirty-sixth Affirmative Defense**

All uses of force by the COH's police officers, including Officer Carmean and Officer Hopkins, with regard to the matters at issue in this case were authorized by sections 13A-3-23 and 13A-3-27 of the <u>Alabama Code</u>.

### Thirty-seventh Affirmative Defense

Plaintiff cannot recover punitive damages against the COH, or against any municipal agent or employee sued in their official capacity, under 42 U.S.C. § 1983 pursuant to the holding of the United States Supreme Court in City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

### Thirty-eighth Affirmative Defense

The COH is not liable under Alabama law for the acts of its agents and/or employees which were committed outside the line and scope of their duties.

### Thirty-ninth Affirmative Defense

The COH is not liable under 42 U.S.C. § 1983 for the acts of its agents and/or employees which were not undertaken "under color of" state law.

### Fortieth Affirmative Defense

Plaintiff may not recover damages from the COH, either directly or by way of indemnity, for an amount in excess of the statutory damage caps contained section 11-47-190 of the Alabama Code, or to the extent applicable, section 11-93-2 of the Alabama Code.

### Forty-first Affirmative Defense

Plaintiff may not obtain a judgment or recover any damages from the COH under Alabama law unless all potential co-defendants who may have liability to plaintiff have been pursued as required by section 11-47-191 of the Alabama Code.

### Forty-second Affirmative Defense

Plaintiff's state-law claims against the COH are barred if and to the extent plaintiff failed to substantially comply with the *ante-litem* notice of claim provisions of sections 11-47-23 and 11-47-192 of the <u>Alabama Code</u>.

### Forty-third Affirmative Defense

Based on the collective knowledge of the COH's police officers involved in the incident at issue in this case, there was reasonable suspicion and/or probable cause, as appropriate, to detain plaintiff and arrest plaintiff.

### Forty-fourth Affirmative Defense

Any and all actions of the COH's police officers, including Officer Carmean and Officer Hopkins, to the extent at issue at issue in this case, were lawful under section 13A-3-22 of the <u>Alabama Code</u>.

### Forty-fifth Affirmative Defense

Some or all of plaintiff's claims may be barred by the doctrines of collateral estoppel or issue preclusion.

### Forty-sixth Affirmative Defense

Some or all of plaintiff's claims may be barred by the doctrines of *res judicata* or claim preclusion.

### Forty-seventh Affirmative Defense

To the extent plaintiff claims that her arrest was unlawful, such claim is foreclosed by the principles discussed in <u>Chatman v. Pizitz</u>, Inc., 429 So. 2d 969, 971-72 (Ala. 1983) and <u>Wesson v. Wal-Mart Stores East, L.P.</u>, 2009 WL 4506539, *5-6 (Ala. Civ. App. Dec. 4, 2009).

### Forty-eighth Affirmative Defense

Plaintiff is precluded, estopped, or otherwise barred from claiming that her arrest was unlawful because the manner in which her criminal proceedings were disposed conclusively establishes that her arrest was supported by probable cause.

### Forty-ninth Affirmative Defense

Some or all of plaintiff's claims are without substantial justification, and are unwarranted by existing law or by a non-frivolous argument for changing existing law or establishing new law.  Additionally, some or all of the factual contentions underlying plaintiff's claims are without evidentiary support, and are unlikely to have evidentiary support even after a reasonable opportunity for further investigation or discovery.

The COH reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the allegations in complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

*S/C. Gregory Burgess*
Michael L. Fees (ASB-4924-F51M)
C. Gregory Burgess (ASB-1519-R79C)
Lauren A. Smith (ASB-0432-E48S)

**Attorneys for defendants City of Huntsville,
Alabama, Officer Amanda Carmean, and
Officer Brian Hopkins**


**OF COUNSEL:**

**FEES & BURGESS, P.C.**
213 Green Street
Huntsville, Alabama 35801
Telephone Number:  (256) 536-0095
Facsimile Number:  (256) 536-4440
E-mail: court@feesburgess.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2011, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry F. Sherrod III
**HENRY F. SHERROD III, P.C.**
119 South Court Street
P.O. Box 606
Florence, Alabama 35631-0606
Telephone:  (256) 764-4141
Facsimile:  (256) 684-0802
E-mail: hsherrod@hiwaay.net
         hank@alcivilrights.com


*S/C. Gregory Burgess*
C. Gregory Burgess