FILED
2011 Feb-10 PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

CALLIE HAWKINS, )
)
Plaintiff, )
)
v. ) Civil Action Number: 5:11-cv-0011-AKK
)
CITY OF HUNTSVILLE, )
ALABAMA, *et al.*, )
)
Defendants. )

# ANSWER TO COMPLAINT BY DEFENDANT OFFICER AMANDA CARMEAN

For answer to the complaint of plaintiff Callie Hawkins, defendant Officer Amanda Carmean states:

## Parties

1. Upon information and belief only, Officer Carmean admits the allegations contained in paragraph one of the complaint.

2. Officer Carmean admits the allegations contained in paragraph two of the complaint.

3-4. In response to the allegations contained in paragraphs three and four of the complaint, Officer Carmean specifically admits that, at all times relevant to this case, she and Officer Brian Hopkins were employed by City of Huntsville, Alabama ("COH"), as police officers for the Huntsville Police Department

("HPD") and were residents and citizens of the state of Alabama. The remaining allegations contained in paragraphs three and four do not require responsive pleading because they merely identify the capacity in which plaintiff has sued Officer Carmean and Officer Hopkins in this case.

**Facts**

5. In response to the allegations contained in paragraph five of the complaint, Officer Carmean specifically admits that she effected a traffic stop of plaintiff on January 2, 2009. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph five.

6. In response to the allegations contained in paragraph six of the complaint, Officer Carmean specifically admits that plaintiff did not immediately pull over after she initiated the traffic stop. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph six.

7. In response to the allegations contained in paragraph seven of the complaint, Officer Carmean specifically admits that plaintiff refused to produce her driver license, vehicle registration, and proof of vehicle insurance. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph seven.

8. In response to the allegations contained in paragraph eight of the complaint, Officer Carmean specifically admits that she requested plaintiff's driver

license, vehicle registration, and proof of vehicle insurance. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph eight.

9. Officer Carmean denies each and every allegation contained in paragraph nine of the complaint.

10. In response to the allegations contained in paragraph ten of the complaint, Officer Carmean specifically admits that she opened the door to plaintiff's vehicle and requested that she exit. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph ten.

11-13. Officer Carmean is without sufficient information to admit or deny the allegations contained in paragraphs eleven through thirteen, inclusive, of the complaint. Accordingly, she must deny such allegations.

14. In response to the allegations contained in paragraph fourteen of the complaint, Officer Carmean specifically admits that she, after warning plaintiff at least once, sprayed her with oleoresin capsicum spray ("OC spray"). Officer Carmean specifically admits that plaintiff was sprayed with OC spray after repeatedly refusing to comply with her verbal commands and striking her in the chest. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph fourteen.

15. In response to the allegations contained in paragraph fifteen of the complaint, Officer Carmean specifically admits that plaintiff accused her of initiating the traffic stop because of plaintiff's race. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph fifteen.

16. Officer Carmean denies each and every allegation contained in paragraph sixteen of the complaint.

17. In response to the allegations contained in paragraph seventeen of the complaint, Officer Carmean specifically admits that plaintiff began screaming and repeatedly blowing the horn on her vehicle after she was sprayed with OC spray. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph seventeen.

18. Officer Carmean is without sufficient information to admit or deny the allegations contained in paragraph eighteen of the complaint. Accordingly, she must deny such allegations.

19. In response to the allegations contained in paragraph nineteen of the complaint, Officer Carmean specifically admits that Officer Hopkins put plaintiff's vehicle in park and removed the keys from the ignition after the vehicle began to roll backwards. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph nineteen.

20. In response to the allegations contained in paragraph twenty of the complaint, Officer Carmean specifically admits that Officer Hopkins unbuckled plaintiff's seatbelt from the passenger side of the vehicle and then moved to the driver side of the vehicle. Officer Carmean specifically admits that Officer Hopkins attempted a wrist lock on plaintiff, but she refused to exit her vehicle. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph twenty.

21-22. In response to the allegations contained in paragraphs twenty-one and twenty-two of the complaint, Officer Carmean specifically admits that plaintiff was taken to the ground in an attempt to restrain and gain control over her. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraphs twenty-one and twenty-two.

23. In response to the allegations contained in paragraph twenty-three of the complaint, Officer Carmean specifically admits that Officer Hopkins placed his knee on plaintiff's back while attempting to handcuff her as she continued to struggle. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph twenty-three.

24. Officer Carmean admits the allegations contained in paragraph twenty-four of the complaint.

25. In response to the allegations contained in paragraph twenty-five of the complaint, Officer Carmean specifically admits that she was present at all times relevant to this case. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph twenty-five.

26. Officer Carmean denies each and every allegation contained in paragraph twenty-six of the complaint.

27. In response to the allegations contained in paragraph twenty-seven of the complaint, Officer Carmean specifically admits that her patrol vehicle was equipped with an in-car camera that recorded a portion of the events relevant to this case. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph twenty-seven.

28. In response to the allegations contained in paragraph twenty-eight of the complaint, Officer Carmean specifically admits that plaintiff made a complaint, which was investigated by the Internal Affairs Division of HPD. Officer Carmean specifically admits that the Internal Affairs Division of HPD concluded that plaintiff's allegations were unfounded. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph twenty-eight.

29. Officer Carmean is without sufficient information to admit or deny the allegations contained in paragraph twenty-nine of the complaint. Accordingly, she must deny such allegations.

**Count I – 42 U.S.C. § 1983 – Illegal Seizure**

30-34. Officer Carmean denies each and every allegation contained in paragraphs thirty through thirty-four, inclusive, of the complaint, including the lettered paragraphs following paragraph thirty-two.

**Count II – 42 U.S.C. § 1983 – Excessive Force**

35-39. Officer Carmean denies each and every allegation contained in paragraphs thirty-five through thirty-nine, inclusive, of the complaint, including the lettered paragraphs following paragraph thirty-seven.

**Count III – State Law – False Arrest/False Imprisonment**

40-43. Officer Carmean denies each and every allegation contained in paragraphs forty through forty-three, inclusive, of the complaint.

**Count IV – State Law – Assault and Battery/Excessive Force**

44-47. Officer Carmean denies each and every allegation contained in paragraphs forty-four through forty-seven, inclusive, of the complaint.

**Other Matters**

48. In response to the allegations contained in paragraph forty-eight of the complaint, Officer Carmean specifically admits that an *ante-litem* notice of claim

was presented by or on behalf of plaintiff to the COH's Clerk-Treasurer on or about June 22, 2009. Except as expressly admitted, Officer Carmean denies each and every remaining allegation contained in paragraph forty-eight.

**Relief Sought**

49. In response to paragraph forty-nine of the complaint, Officer Carmean denies that plaintiff is entitled to the requested relief or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Some or all of plaintiff's claims may fail to state a claim against Officer Carmean upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff is not entitled to any judgment against Officer Carmean, and plaintiff is not entitled to recover any damages, interest, costs, attorneys' fees, or any other relief whatsoever from Officer Carmean.

**Third Affirmative Defense**

To the extent that plaintiff has suffered any legally cognizable damage or injury, such damage or injury was caused by, and is the responsibility of, individuals and/or entities other than Officer Carmean.

**Fourth Affirmative Defense**

All actions or omissions of Officer Carmean with respect to the matters at issue in this case were reasonable, necessary, and justified under the circumstances. Therefore, Officer Carmean has no liability to plaintiff.

**Fifth Affirmative Defense**

Officer Carmean is immune from any liability to plaintiff.

**Sixth Affirmative Defense**

Some or all of plaintiff's claims are barred, in whole or in part, because plaintiff has failed to mitigate her damages or injuries, if any.

**Seventh Affirmative Defense**

Some or all of plaintiff's claims are barred because Officer Carmean acted in good faith and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations.

**Eighth Affirmative Defense**

Some or all of plaintiff's claims may be barred by the doctrines of consent, justification, self-defense, estoppel, and/or privilege.

**Ninth Affirmative Defense**

Any negligence claim against Officer Carmean is barred because plaintiff's injuries and damages, if any, were caused by efficient intervening and/or

superseding causes.

**Tenth Affirmative Defense**

Any negligence claim against Officer Carmean is barred because plaintiff contributed to her own injury and damage.

**Eleventh Affirmative Defense**

Any negligence claim against Officer Carmean is barred because plaintiff's injuries and damages, if any, were caused by efficient intervening and/or superseding causes.

**Twelfth Affirmative Defense**

Any negligence claim against Officer Carmean is barred because she did not breach any duty that may have been owed to plaintiff.

**Thirteenth Affirmative Defense**

Plaintiff's state-law claims for false arrest and/or false imprisonment are barred because there was reasonable suspicion to detain plaintiff and probable cause to arrest plaintiff.

**Fourteenth Affirmative Defense**

Based on the collective knowledge of the COH's police officers involved in the incident at issue in this case, there was reasonable suspicion and/or probable cause, as appropriate, to detain and arrest plaintiff.

## Fifteenth Affirmative Defense

Plaintiff's state-law claims for assault and battery and/or excessive force are barred because all uses of force against plaintiff by Officer Carmean were reasonable, necessary, and justified under the circumstances confronting her at the time.

## Sixteenth Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged unlawful detention or arrest, are barred because Officer Carmean had both reasonable suspicion to detain plaintiff and probable cause to arrest plaintiff.

## Seventeenth Affirmative Defense

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged unlawful detention, arrest, or use of excessive force in violation of the Fourteenth Amendment to the United States Constitution, are barred because, given the nature of such allegations in the context of this case, any section 1983 claim must be predicated, if at all, upon the Fourth Amendment.

## Eighteenth Affirmative Defense

For purposes of determining the legality of plaintiff's arrest, either in connection with her claims under 42 U.S.C. § 1983 or Alabama law, it is inconsequential that plaintiff was not actually charged with every criminal offense for which probable cause to arrest existed. In addition, it is inconsequential that

such uncharged criminal offenses (for which probable cause to arrest existed) are not closely related to the criminal offenses with which plaintiff was actually charged.

**Nineteenth Affirmative Defense**

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged use of excessive force, are barred because Officer Carmean used only that degree of force which was reasonable, necessary, and justified under the circumstances confronting her at the time.

**Twentieth Affirmative Defense**

Plaintiff's claims under 42 U.S.C. § 1983, to the extent predicated upon an alleged use of excessive force, are barred because Officer Carmean only used *de minimis* force against plaintiff.

**Twenty-first Affirmative Defense**

Plaintiff has no maintainable claim under 42 U.S.C. § 1983 against Officer Carmean based on any theory that she failed to intervene to stop another police officer, including Officer Hopkins, from allegedly depriving plaintiff of a constitutional right during the course of the incident at issue in this case. Such claim fails because (1) plaintiff was not deprived of any constitutional right; (2) the constitutional right allegedly infringed will not support a section 1983 claim based on a failure-to-intervene theory; and/or (3) even assuming a constitutional

deprivation did occur and will support a cognizable section 1983 claim based on a failure-to-intervene theory, Officer Carmean did not have any sufficient opportunity under the circumstances to intervene and prevent or stop it from occurring.

**Twenty-second Affirmative Defense**

Some or all of plaintiff's claims under 42 U.S.C. § 1983 against Officer Carmean are barred by the doctrine of qualified immunity.

**Twenty-third Affirmative Defense**

Some or all of plaintiff's state-law claims against Officer Carmean are barred by the doctrine of state-agent immunity, also sometimes referred to as discretionary function immunity.

**Twenty-fourth Affirmative Defense**

Some or all of plaintiff's state-law claims against Officer Carmean are barred by the statutory immunity established by section 6-5-338 of the Alabama Code.

**Twenty-fifth Affirmative Defense**

Some or all of plaintiff's state-law claims against Officer Carmean are barred by the common-law discretionary function immunity embodied by section 895D of the RESTATEMENT (SECOND) OF TORTS.

**Twenty-sixth Affirmative Defense**

Plaintiff may not recover damages from Officer Carmean under Alabama law for an amount in excess of the statutory damage caps contained in section 11-47-190 of the Alabama Code.

**Twenty-seventh Affirmative Defense**

Officer Carmean denies engaging in any conduct entitling plaintiff to recover punitive damages.

**Twenty-eighth Affirmative Defense**

Plaintiff is not entitled to recover punitive damages under the standards set forth in section 6-11-20 of the Alabama Code.

**Twenty-ninth Affirmative Defense**

Officer Carmean asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

**Thirtieth Affirmative Defense**

Plaintiff's arrest was authorized by section 15-10-3 of the Alabama Code and/or rule 4.1 of the Alabama Rules of Criminal Procedure.

**Thirty-first Affirmative Defense**

All uses of force by Officer Carmean with regard to the matters at issue in this case were reasonable, necessary, and justified under the attendant circumstances.

**Thirty-second Affirmative Defense**

All uses of force by Officer Carmean with regard to the matters at issue in this case were authorized by sections 13A-3-23 and 13A-3-27 of the Alabama Code.

**Thirty-third Affirmative Defense**

Any and all actions of Officer Carmean, to the extent at issue in this case, were lawful under section 13A-3-22 of the Alabama Code.

**Thirty-fourth Affirmative Defense**

Some or all of plaintiff's claims may be barred by the doctrines of collateral estoppel or issue preclusion.

**Thirty-fifth Affirmative Defense**

Some or all of plaintiff's claims may be barred by the doctrines of *res judicata* or claim preclusion.

**Thirty-sixth Affirmative Defense**

To the extent plaintiff claims that her arrest was unlawful, such claim is foreclosed by the principles discussed in Chatman v. Pizitz, Inc., 429 So. 2d 969, 971-72 (Ala. 1983) and Wesson v. Wal-Mart Stores East, L.P., 2009 WL 4506539, *5-6 (Ala. Civ. App. Dec. 4, 2009).

### Thirty-seventh Affirmative Defense

Plaintiff is precluded, estopped, or otherwise barred from claiming that her arrest was unlawful because the manner in which her criminal proceedings were disposed conclusively establishes that her arrest was supported by probable cause.

### Thirty-eighth Affirmative Defense

Some or all of plaintiff’s claims are without substantial justification, and are unwarranted by existing law or by a non-frivolous argument for changing existing law or establishing new law. Additionally, some or all of the factual contentions underlying plaintiff’s claims are without evidentiary support, and are unlikely to have evidentiary support even after a reasonable opportunity for further investigation or discovery.

Officer Carmean reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

*S/C. Gregory Burgess*
Michael L. Fees (ASB-4924-F51M)
C. Gregory Burgess (ASB-1519-R79C)
Lauren A. Smith (ASB-0432-E48S)

**Attorneys for defendants City of Huntsville, Alabama, Officer Amanda Carmean, and Officer Brian Hopkins**

**OF COUNSEL:**

**FEES & BURGESS, P.C.**
213 Green Street
Huntsville, Alabama 35801
Telephone Number: (256) 536-0095
Facsimile Number: (256) 536-4440
E-mail: court@feesburgess.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2011, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

HENRY F. SHERROD III
**HENRY F. SHERROD III, P.C.**
119 South Court Street
P.O. Box 606
Florence, Alabama 35631-0606
Telephone: (256) 764-4141
Facsimile: (256) 684-0802
E-mail: hsherrod@hiwaay.net
hank@alcivilrights.com

*S/C. Gregory Burgess*
C. Gregory Burgess